UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY AGUIRRE,<br><br>                              Plaintiff,<br><br>        -against-<br><br>RISING GROUND,<br><br>                              Defendant. | 23-CV-3986 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Plaintiff Ruby Aguirre ("Plaintiff") brings this *pro se* action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297.  Plaintiff alleges that her employer discriminated and retaliated against her based on her religion.  By order dated May 15, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (stating that the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that the summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant Rising Ground ("Defendant") through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to issue a summons for Defendant, complete the USM-285 forms with the addresses for Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 26, 2023
White Plains, New York

KENNETH M. KARAS
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.     Rising Ground
    463 Hawthorne Avenue
    Yonkers, NY 10705