UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBY AGUIREE,

                          Plaintiff,

        -against-

RISING GROUND,

                          Defendant.

23-CV-3986 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      Pro se Plaintiff Ruby Aguiree ("Plaintiff") brings this action against Rising Ground ("Defendant") alleging religious discrimination in violation of Title VII and the New York State Human Rights Law. (*See generally* Compl. (Dkt. No. 1).) Plaintiff has requested the appointment of counsel. (*See* Dkt. No. 11.) Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).

      First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making

this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).  Second, "[i]f the claim meets this threshold requirement," the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Plaintiff has demonstrated she attempted to engage counsel—she has "spoken with NYLAG, Pacific Justice Institute, and Liberty counsel in regards to pro bono representation" but was told that they "are not accepting new clients at this time."  (*See* Dkt. No. 11.)  Plaintiff additionally "contacted several independent attorneys in neighboring states that could help but

2

were not licensed in [New York State]." (*Id.*) While Plaintiff has contacted several attorneys, she has not established that she is unable to retain counsel—indeed, it is not clear that Plaintiff has exhausted her search. Because Plaintiff has not demonstrated she is unable to retain counsel, her request should be denied. *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel ... [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies"); *Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that the plaintiff's failure to contact clinics and non-profits meant the "search was not exhaustive").

  Putting aside Plaintiff's failure to demonstrate she is unable to obtain counsel, and even if the Court assumes the Complaint would have "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge,* as to the second inquiry regarding prudential factors, the Court finds that Plaintiff has not demonstrated why she should be given counsel. *Johnston*, 606 F.3d at 41 (internal quotation marks omitted); *see also McCray v. Lee*, No. 16-CV-1730, 2020 WL 4229907, at *2 (S.D.N.Y. July 23, 2020) (assuming for the purpose of the application for pro bono counsel that the plaintiff's claims had "some likelihood of merit"); *Ahmad v. White Plains City Sch. Dist.*, No. 18-CV-3416, 2020 WL 3972274, at *3 (S.D.N.Y. July 14, 2020) (same); *Simmons v. Diaz*, No. 17-CV-8886, 2018 WL 11258138, at *4 (S.D.N.Y. May 8, 2018) (same). The only reason Plaintiff provides for her need for an attorney is that "[h]aving an attorney who is well-versed in these matters, I think will allow for fair representation of the hardship I have endured due to the discrimination I was subjected to." (*See* Dkt. No. 11.) However, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to

3

handle them at this stage." *Mena v. City of New York,* No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013); *see also Castro v. Manhattan East Suite Hotel*, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel to plaintiff who alleged that he was terminated based on race discrimination because "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Plaintiff's claim is largely based on the retelling of events that happened in her presence and "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009).

Additionally, a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Trauman v. Ocasio DDS*, No. 11-CV-6061, 2012 WL 114242, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, 2008 WL 330373, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted)). Furthermore, Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s]." *Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above, as well as the consideration that "[v]olunteer lawyer time is a precious commodity," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), Plaintiff's request for assignment of counsel is denied without prejudice.  Plaintiff may renew this request and provide the Court with additional information regarding any change of circumstances that would support a renewed application.

The Clerk is respectfully directed to terminate the pending application, (*see* Dkt. No. 11), and to mail a copy of this Order to Plaintiff at the address listed on the docket.

SO ORDERED.

Dated: June 26, 2023
       White Plains, New York

                                                       KENNETH M. KARAS
                                                United States District Judge